Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for defendant
Progressive Direct Insurance Company

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Marquez,<br><br>        Plaintiff,<br>   v.<br><br>Progressive Direct Insurance Co.; Carrie Rockwell; J. Michael Hunter; Hunter Consulting & Survey Services, Inc.; and Does 1 to 50,<br><br>        Defendants. | Case No.  '23CV0046 DMS AGS<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>**DEMAND FOR JURY TRIAL** |

Please take notice that defendant Progressive Direct Insurance Company, pursuant to 28 U.S.C. §§ 1441(b) and 1446, removes to this Court the state court action described below. Removal is proper for the following reasons:

**JURISDICTION**

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. The action may be removed to this Court by Progressive Direct pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. On October 25, 2022, plaintiff Francisco Marquez commenced this action by filing a complaint in California Superior Court, for the County of San Diego, in the Central Division, located at 330 W. Broadway, San Diego, CA 92101 (Complaint, Ex. 1 to Howe decl., p. 1.) Mr. Marquez alleges he insured a 2006 Seaswirl Striper 2901 boat with Progressive Direct; he suffered a covered loss to the vessel; Progressive Direct wrongfully denied coverage under the policy for the loss; and he has suffered damages because of the coverage denial. (*Id.* at pp. 1–7.) Based on these allegations, Mr. Marquez alleges two causes of action against Progressive Direct for breach of the insurance policy and breach of the implied covenant of good faith and fair dealing in the policy. (*Id.*)

3. Mr. Marquez also alleges three additional causes of action for intentional misrepresentation, negligent misrepresentation, and conspiracy to commit fraud against defendants Carrie Rockwell, J. Michael Hunter, and Hunter Consulting & Survey Services, Inc. Mr. Marquez alleges these defendants falsely represented to him the facts

and circumstances surrounding the loss to the vessel and there was no coverage under the policy for the loss. (*Id.* at pp. 8–9.)

4. The amount in controversy is more than $75,000 because Mr. Marquez claims the damage to and/or loss of his vessel was more than $75,000 and Progressive Direct has declined to pay such amount for the loss. (Howe decl., ¶ 5.)

5. Mr. Marquez is, and at the time of commencement of the state court action was, a natural person, a citizen of California, and residing in San Diego County, California. (Complaint, Ex. 1 to Howe decl., p. 1.)

6. Progressive Direct is, and at the time of commencement of the state court action was, a corporation incorporated under the laws of Ohio with its principal place of business in Mayfield Village, Ohio. (Cal. Sec. of State website, Ex. 2 to Howe decl., pp. 87–88; Cal. Dept. of Ins. website, Ex. 3 to Howe decl., pp. 89–91.)[1]

7. J. Michael Hunter is, and at the time of commencement of the state court action was, a natural person, a citizen of Missouri, and residing in Missouri. (Complaint, Ex. 1 to Howe decl., p. 2.)

8. Hunter Consulting & Survey Services, Inc. is, and at the time of commencement of the state court action was, a corporation incorporated under the laws of Missouri with its principal place of business in Missouri. (*Id.*)

9. Carrie Rockwell is, and at the time of commencement of the state court action was, a natural person, a citizen of California, and residing in California. (*Id.* at p. 1.) Her citizenship should be

---

[1] Under FED. R. EVID. 201(b)(2), the Court may take judicial notice of this information because it is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), however, because she is a sham defendant. Mr. Marquez has named her as a defendant solely for the purpose of improperly attempting to divest this Court of jurisdiction, and there is no possibility that Mr. Marquez will be able to establish a cause of action against her for intentional misrepresentation, negligent misrepresentation, or conspiracy to commit fraud, for the following reasons:

    a. An exception to the requirement of complete diversity exists where a defendant has been fraudulently joined to defeat diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2011). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).

    b. Causes of action for intentional misrepresentation, negligent misrepresentation, and conspiracy to commit fraud all require an allegation and proof of justifiable reliance by the plaintiff. See *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (1997) (intentional misrepresentation); *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992) (negligent misrepresentation); *IIG Wireless, Inc. v. Yi*, 22 Cal.App.5th 630, 652 (2018) (conspiracy not a separate tort, but a form of vicarious liability for commission of another tort; defendant in a conspiracy claim must be liable for the target tort); *Okun v. Superior Court*, 29 Cal.3d 442, 454 (1981) (same).

c. Mr. Marquez alleges that, in reliance on Ms. Rockwell's representation there was no coverage for the loss to the vessel, he was "forced to procure an inspection of the Seaswirl at his cost and has been without the use of his boat. (Complaint, Ex. 1 to Howe decl., pp. 8–9, ¶¶ 47, 56.) Mr. Marquez alleges he hired his surveyor on or about November 22, 2021, after Progressive Direct and Ms. Rockwell denied coverage for the claim on November 6, 2021. (*Id.* at p. 5, ¶¶ 28, 30.) Mr. Marquez alleges he also paid to arrange for his own oil tests of the engines (*id.* at ¶ 31), hired a lawyer (*id.* at p. 6, ¶ 32), and then had his attorney send a detailed January 7, 2022 letter contesting the denial based on his surveyor's work and the oil exams (*id.* at ¶ 33).

d. Under these alleged facts, there is not, nor can there be, justifiable reliance by Mr. Marquez. Where an insured hires his own consultant and attorney during the claim process in response to a denial of coverage, it precludes the "theory of reasonable reliance." See *Feizbakhsh v. Travelers Commercial Insurance Company*, 2016 WL 8732296, *8 (C.D. Cal. 9/9/16) (insurance adjuster deemed sham defendant where plaintiff, in support of justifiable reliance element of misrepresentation claim, alleged he retained experience estimator and attorney to evaluate loss in response to insurer denial of coverage); *Smith v. Brown*, 59 Cal.App.2d 836, 838 (1943); *McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal.App.4th 1132, 1148 (1994) (insured's filing of claims and demanding payments under insurance policy negate justifiable reliance).

e. Mr. Marquez cannot amend the complaint to allege any justifiable reliance. The January 7, 2022 letter from his lawyer alleged in paragraph 33 of the complaint, which included the report of Mr. Marquez' surveyor and reports of oil samples, confirms Mr. Marquez

never believed the representations made to him by Progressive Direct and Ms. Rockwell in the denial letter. (1/7/22 Walton letter, Ex. 4 to Howe decl., pp. 93–97.)

10. Citizenship of the fictitiously named "Doe" defendants in the complaint in the state court action is disregarded for purposes of removal. See 28 U.S.C. § 1441(b).

## OTHER ALLEGATIONS

11. Progressive Direct became aware of the existence of the state court complaint on or about December 12, 2022. (Howe decl., ¶ 4.)

12. J. Michael Hunter and Hunter Consulting & Survey Services, Inc. have consented to removal. (Ex. 5 to Howe decl., pp. 105–106.)

13. Progressive Direct is informed that Carrie Rockwell has not been properly served with the summons and complaint in the state court action. (Howe decl., ¶ 10.) See *Destfino v. Reiswig*, 630 F3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join in removal); see also *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998) (co-defendant who is fraudulently joined need not join in removal).

14. Copies of additional state court documents are attached as Exhibit 6 to the declaration of Patrick Howe, at pages 107–114. Progressive Direct has not been served with and is unaware of any other state court action documents or proceedings.

January 10, 2023          PATRICK HOWE LAW, APC

By: */s/Patrick M. Howe*
Patrick M. Howe
Attorney for defendant
Progressive Direct Insurance Company

# DEMAND FOR JURY TRIAL

Progressive Direct demands a jury trial on all issues in this action.

January 10, 2023

PATRICK HOWE LAW, APC

By: */s/Patrick M. Howe*
Patrick M. Howe
Attorney for defendant
Progressive Direct Insurance Company