UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARQUEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE CO.; CARRIE ROCKWELL; J. MICHAEL HUNTER; HUNTER CONSULTING & SURVEY SERVICES, INC.; and DOES 1 to 50,<br><br>　　　　　　　　　　Defendants. | Case No.:  23cv0046 DMS(AGS)<br><br>**ORDER REMANDING CASE** |

On January 12, 2023, this Court issued an Order to Show Cause ("OSC") asking Defendant to explain its allegation that this Court has diversity jurisdiction over this case. Defendant filed a response to the OSC, and Plaintiff filed a reply.

As mentioned in the Court's OSC, there is no dispute there is incomplete diversity between Plaintiff and Defendant Carrie Rockwell. However, Defendant argues the Court should disregard Ms. Rockwell's citizenship under the rule of fraudulent joinder.

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044

(9th Cir. 2009)).  This case involves the second method, under which Defendant must show that Rockwell "'cannot be liable on any theory.'"  *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  "'[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'"  *Id.* (quoting *Hunter*, 582 F.3d at 1046).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'"  *Id.* (quoting *Hunter*, 582 F.3d at 1046).

      Here, Plaintiff alleges three claims against Defendant Rockwell for intentional misrepresentation, negligent misrepresentation, and conspiracy to commit fraud.  In *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), the California Court of Appeal held "that a cause of action for negligent misrepresentation can lie against an insurance adjuster."  Defendant acknowledges this holding, but argues it "is of no help to Mr. Marquez" because he "does not allege any personal injury or other damage separate and apart from the denial of his insurance claim." (Response to OSC at 5.)  Although it is true Plaintiff does not allege any personal injury as a result of Rockwell's conduct, it is not clear that *Bock* is limited to cases involving physical injury.  *See Bordenave v. Safeco Ins. Co. of Illinois*, No. 2:20-cv-01939-KJM-DMC, 2021 WL 3013210, at *2 (E.D. Cal. July 16, 2021) (citing district court cases holding "that negligent misrepresentation claims might be viable even without allegations of physical injury 'because such claims are not obviously foreclosed according to settled principles.'")  The Complaint also rebuts Defendant's argument that Plaintiff did not allege any other damage other than the denial of his claim.  (*See* Compl. ¶¶ 30-32 (alleging Plaintiff incurred costs related to independent survey, oil analysis and scope test of engines, and legal expenses after denial of his claim)).

On the facts alleged in the Complaint, and in light of *Bock*, there is a possibility that a state court would find the Complaint states a claim against Defendant Rockwell.[1] Accordingly, there is no fraudulent joinder here, and the case must be remanded. The Clerk of Court shall enter judgment accordingly, and remand this case to the San Diego Superior Court.

**IT IS SO ORDERED**.

Dated: February 13, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Defendant argues there is no justifiable reliance here, therefore Plaintiff's claims against Defendant Rockwell fail. But whether Plaintiff's claims against Defendant Rockwell are sufficiently pleaded or proven is not the inquiry on fraudulent joinder. *Grancare*, 889 F.3d at 550. Defendant also relies heavily on *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV 16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sep. 9, 2016), to support this argument, but this Court finds *Feizbakhsh* unpersuasive, and declines to follow its reasoning or its conclusion. *See Livshetz v. Federal Ins. Co.*, No. 2:20-cv-03374-ODW (ASx), 2020 WL 4748461, at *4 (C.D. Cal. Aug. 17, 2020) (declining to follow *Feizbakhsh*). Accordingly, these arguments do not preclude remand.